## No. 9241.

### KING v. THE PEOPLE.

WITNESS—*Impeachment.*   The impeachment of a witness by contradiction must be upon matter material to that in issue.   Information for the larceny of live stock.   The prosecution were permitted to examine the accused as to an admission of a similar crime committed more than a year previous to the date in the information, and to contradict his denial of the admission. Held prejudicial error.

*Error to Prowers District Court, Hon. A. Watson McHendrie, Judge.*

Messrs. GORDON & GORDON, for plaintiff in error.

Hon. LESLIE E. HUBBARD, Attorney General, and Mr. J. W. KELLEY, for The People.

Mr. Justice Garrigues delivered the opinion of the court.

Defendant KING was convicted in the District Court of Prowers county under an information charging him with the larceny of livestock, the transaction occurring, according to the people's evidence, November 23, 1916, and he brings the case here for review.

The only assignment of error necessary to be considered relates to the attempted impeachment of defendant as a witness in his own behalf, on a matter immaterial to the issue on trial. Defendant when on the witness stand denied in chief, that he had taken any part in butchering the animal in question, but testified that he had assisted in butchering a hog. He was then asked: "Did you at any time butcher any beef?", to which he replied: "No, sir, I didn't." On his cross examination, the following occurred:

"Q. How long has it been now, since you have had any range beef around your place? A. I never have had any.

Q. State whether or not, sometime in September, 1915, at your house, Miss Effie O'Dell came over there about dusk and if the following conversation in substance didn't take place between you and her: Miss O'Dell came in and you had just brought in either the whole or a part of the carcass of a beef which had been butchered, and you asked her if she could keep a secret, and she replied that she could. She then asked you where you had gotten the beef, and you said you had butchered a calf and asked her if she would like to have some of it, and she asked you whose it was, and you said that it was House's and she replied, no thank you, I don't eat stolen meat. And she then asked you how it came that you had killed it, and you said, oh, we were coming across the prairie and just shot it."

Objection and exception.

"Q. Did you have substantially that conversation with Miss O'Dell? A. No sir, I didn't.

Q. And you didn't have any beef in your house at that time? A. No, sir."

In rebuttal, for the purpose of impeachment, the State called Miss O'Dell as a witness, who was permitted to testify over defendant's objection, that she had had such a conversation with him, and that she saw part of a carcass of fresh beef at his house at that time.

1. The only theory upon which this evidence of the witness O'Dell was admissible was, that it tended to impeach the defendant as a witness. It is fundamental that the impeachment of a witness must be upon a matter material to the issue on trial.

*Rose v. Otis,* 18 Colo. 59, 31 Pac. 493; *Denver Co. v. Owens,* 20 Colo. 107, 36 Pac. 848; *Mullin v. McKim,* 22 Colo. 468, 45 Pac. 416; *Askew v. People,* 23 Colo. 446, 48 Pac. 524; *Mitsunaga v. People,* 54 Colo. 108, 129 Pac. 241.

The issue was: Did defendant King, in the county of Prowers, State of Colorado, on or about November 23, 1916, unlawfully and feloniously steal a meat animal, the property of House. Whether defendant killed an animal or had stolen meat in his possession in September, 1915, more than a year prior to the transaction upon which he was being tried, and a matter in no way connected with the case on trial, could certainly have nothing to do with this issue. Such evidence was wholly incompetent for the purpose of impeachment and upon objection should have been excluded.

We cannot say that this testimony, introduced under the guise of impeachment, to the effect that defendant had, long prior to the transaction under investigation, been guilty of the larceny of livestock, did not prejudice his case before the jury, and the judgment of the lower court will be reversed and the cause remanded.

*Judgment reversed.*

Decision *en banc.*