## No. 11,337.

### GIZEWSKI v. THE PEOPLE.

Decided October 5, 1925.

Plaintiff in error was convicted of a violation of the prohibition act.

### *Affirmed.*

### *On Application for Supersedeas.*

1. CRIMINAL LAW—*Witnesses—Exclusion.* Where an order excluding witnesses was made, the calling of a witness by the state on rebuttal and permission given him to testify over the objection of defendant that he had been present and listened to all the testimony, held not to be error under the facts disclosed by the record.

2. *Appeal and Error—Evidence.* Where exhibits are not made a part of the bill of exceptions, there is no presumption that their admission in evidence was prejudicial to the defendant.

3. EVIDENCE—*Weight.* The weight of the evidence and credibility of the witnesses are for the jury. There is no error in refusing to strike evidence relating to an issue which is conclusively established by other evidence, and which is not prejudicial to the rights of the complaining party.

4. WITNESSES—*Impeachment.* There can be no impeachment of witnesses on an immaterial matter.

5. EVIDENCE—*Immateriality.* There is no error in excluding evidence which has nothing to do with the issues involved.

6. CRIMINAL LAW—*Appeal and Error—Technical Errors.* Technical errors are not ground for a reversal where the judgment is manifestly correct under all the evidence.

*Error to the District Court of the City and County of Denver, Hon. Henry Bray, Judge.*

Mr. T. J. MORRISSEY, Mr. F. E. DICKERSON, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, for the people.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant was convicted upon the first count of an information charging her with a second offense of unlawfully and feloniously keeping and having in her possession a quantity of intoxicating liquor, and sentenced to the penitentiary for a term of not less than one year or more than two years. She brings the case here for review and asks that a supersedeas be granted.

The defendant complains that the court abused its discretion in allowing witness Redzisz to testify for the people, on rebuttal, after an order had been made excluding all witnesses from the court room, and the witness having, notwithstanding the order, remained in court during the entire taking of the testimony.

The record does not clearly disclose that the witness was one of the witnesses sworn; but assuming that he was, and that he was in the court room at the time the order of exclusion was made, and further assuming that he was present during the taking of the testimony, and

that he had heard, previous to the giving of his own testimony, the evidence given by other witnesses upon the trial, we do not think there was error in the court's ruling.

When Redzisz was called to the stand the defendant's attorney made this objection: "We object to Mr. Redzisz taking the witness stand as the court ruled at the commencement of this trial that the witnesses should be excluded from the court room. We object to a man who has listened to all the testimony going on and taking the stand." The court ruled that it was not applicable to rebuttal and overruled the objection.

No further mention was made of the matter until the filing of the motion for new trial. As one of the grounds for new trial the defendant set forth "that the court erred in permitting one Andrew Redzisz to testify after the court had ruled that all witnesses should be excluded from the court room."

From the foregoing it would be difficult to discover anything except the intimation in counsel's objection, that the witness had been sworn in the case; that he was present when the order of exclusion was made; that he was in the court room during the taking of testimony; that he knew what any of the other witnesses had testified to, or that he had violated the order of exclusion. There is nothing to indicate that the defendant was in anywise prejudiced, and error must affirmatively appear. There is nothing to indicate that, even if the witness had remained in the court room, there was any connivance between the witness and the district attorney. We do not think that the court was required of its own motion, in the circumstances, to interrogate the witness, but that it was the duty of the defendant to show to the court that the witness had connived with the district attorney to violate the court's order. We do not find it necessary to say what the rule should be, had it been shown that there was connivance between the district attorney and the witness which resulted in a violation of the court's order. In the present situation it is only necessary to say that the

people were entitled to the testimony of this witness, and there was no error in permitting him to testify.

The defendant contends that the court erred in admitting in evidence a tag attached to three bottles alleged to have contained moonshine whiskey, which were offered in evidence as exhibits A, B and C, upon which, it is claimed, was written hearsay evidence. The tag was not made a part of the bill of exceptions, and we have no means of knowing what was written upon the tag. We cannot assume that it was prejudicial to defendant.

Error is also assigned on the ruling of the court refusing to strike out the testimony of the witness Zawadsky, a police officer, relating to defendant's conviction of a first offense. It is true that the cross examination of the witness revealed the fact that he was uncertain about some of the matters he had testified to in his direct examination. His cross examination certainly cast doubt upon his testimony previously given, and showed that it was largely hearsay, but it was wholly within the province of the jury to determine the weight and credibility of his evidence. We think the court did not err in refusing to strike out this evidence. There was other conclusive and uncontradicted evidence of defendant's prior conviction. Besides the ruling was more beneficial to defendant than otherwise; certainly it was not harmful to her.

The defendant further claims that the court erred in refusing to permit defendant to lay a foundation for the impeachment of the witness Lieske. The matter about which defendant sought to interrogate the witness was as to his ability to recognize a certain party whom the witness called to see, before going to the house of defendant, on business not in any way connected with the defendant, nor with the possession of the intoxicating liquor involved. This was wholly immaterial and irrelevant to any issue in the case, as appears from the record. There can be no impeachment upon an immaterial matter. *O'Chiato*

*v. People,* 73 Colo. 192, 196, 214 Pac. 404; *King v. People,* 64 Colo. 398, 172 Pac. 8.

Again it is claimed that there was error on the part of the court in refusing to permit the defendant to examine the witness Lieske as to whom he sold stock. That had nothing whatever to do with the issue involved. The objections were properly sustained. The evidence in chief as to the stock was admitted without objection and was limited to transactions with the defendant or as to whether in her house or in her presence the witness had offered to sell stock to anyone. The questions objected to on the cross examination were as to whom he sold stock and as to whether he sold stock to Polish people. The exclusion of this evidence was clearly not error.

The evidence of defendant's guilt is clear and convincing. It was equally clear and satisfactory that the offense proven was her second offense. We have held that "The rule is that technical errors are not ground for a reversal where the judgment is manifestly correct upon a review of all the evidence." *Balfe v. People,* 66 Colo. 94, 97, 179 Pac. 137.

We have also held, "Where one knowingly and willfully violates the law, and his guilt is clearly proven, he cannot successfully rely for a reversal on technical errors occurring during the trial." *May v. People,* 77 Colo. 432, 236 Pac. 1022.

There being no reversible error in the record, the supersedeas is denied and the judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.