No. 17,764.

EARL WOODROW PETERSON *v.* PEOPLE OF THE STATE OF COLORADO.
(297 P. [2d] 529)

Decided May 21, 1956.

Mr. John C. Lafferty, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deupty, Mr. Norman H. Comstock, Assistant, for defendant in error.

*En Banc.*

Mr. Justice Holland delivered the opinion of the Court.

Plaintiff in error as defendant was convicted of an assault with a deadly weapon with intent to do bodily injury, and on the verdict was sentenced to a term of not less than three nor more than four years in the state penitentiary. This is an abortive attempt to reverse the judgment. The abstract of the record filed contains only the verdict of the jury; the motion for new trial; the order denying a motion for new trial and the judgment and sentence. As an abstract of the record this is patently insufficient when the only point presented and argued is on the insufficiency of the evidence. On referring to the record proper, we do not find the instructions to the jury and no indication that a motion for directed verdict was made and if there was a deficiency in the state's evidence as is now claimed, such a claim should have been presented to the trial court. In other words, before error can be charged to a trial court it must have been afforded the opportunity to commit such error, with a like opportunity for correction thereof.

A motion for new trial was filed in due course, in words as follows:

"1. That the said verdict is not supported by the evidence.

"2. That said verdict is contrary to the evidence.

"3. That said verdict is not supported by the law applicable to the offense charged.

"4. That the said verdict is contrary to the law applicable to the offense with which defendant is charged."

■ These are general objections and do not properly or specifically direct attention of the court to any specific error, and it follows that unless questions are so presented, there is no basis for the purported assignment of error in this court; moreover, the abstract of record should contain an abstract of the evidence, which is wholly lacking here, and therefore is not properly before this court for determination.

■ There is little reason to go into the details of the evidence other than to say that the circumstances were fully presented to the jury for its determination on the question of specific intent. The statute upon which the information was based provides that an assault with a deadly weapon with an intent to commit upon the person of another a bodily injury where no considerable provocation appears or where the circumstances of the assault show an abandoned and malignant heart shall be charged a felony. We have held that under this statute that general malice or criminal intent is insufficient and that there must be a showing of specific intent by direct or circumstantial evidence.

The facts briefly stated disclose that defendant on April 16, 1955, took a girl friend to work at the Quincy Bar in Grand Junction, Colorado, where she had been employed as a waitress. He left her there and went to a hotel and consumed a considerable amount of whiskey with some friends. One Karst entered the Quincy Bar later in the evening and defendant's girl friend asked Karst to talk to her and they sat down in a booth and engaged in conversation. Defendant entered the bar or cafe shortly thereafter and went to the booth where his girl friend and Karst were talking. Defendant remarked that he was going home, put on a coat, buckle on a gun and be back. After he left, Karst and the girl joined

a married couple in a booth at the end of the bar near the front door. In a short time defendant returned and displayed a holster with a gun in it which he had buckled around him. A scuffle between defendant and Karst followed and they seemed to be wrestling for the gun. Defendant broke loose and backed up against a partition and put a loaded clip in the gun. He then went through the front door, and at this time a shot was fired, leaving a bullet hole in the door casing on the side of the front door. After the shot was fired Karst went back to his seat and defendant kept on going down the street. He said that he went down to the railroad tracks and threw the gun in the river and spent the night in a box car and the next morning when he went to get some coffee, he was arrested.

Defendant testified that he knew Karst; that he had never had any trouble with him; and that he had the gun and was going to trade it for a pair of field glasses with another party with whom he had been talking that evening. He claimed that the fact that Karst was with his girl friend aroused no ill feeling against Karst. It was shown that defendant had been convicted of two felonies — grand larceny and a short check charge.

■ The gist of the crime charged is the state of mind of defendant at the time of the alleged assault. This state of mind or intent is usually manifested by circumstances and proof thereof necessarily is by circumstantial evidence, and, of course, such intent is ordinarily inferable from the facts. This is made so because the state of mind of the assailant is concealed within the mind and is not usually, and we might say never, susceptible of direct proof.

■ Several witnesses testified that defendant said he was going home to get the gun and would be back and that he requested Karst to "stick around"; that when he came back and found that the gun was unloaded he proceeded to load it during the course of the assault and stated to Karst, "I told you I would do it"; that he fur-

ther said he didn't want any trouble in the cafe and told Karst to "come out." Here we have some direct evidence, as well as a sufficient amount of circumstantial evidence to support the verdict of the jury. We assume that the jury was properly instructed on the matters about which the jurors were the sole judges, and it is our opinion that upon the whole of the evidence, there was ample justification for the jury to find that defendant made the alleged assault with the specific intent to do bodily harm.

For the reasons indicated the judgment of the trial court is affirmed.