No: 24472.

MARVIN LEO SILCOTT *v.* THE PEOPLE OF THE
STATE OF COLORADO.
(492 P.2d 70)

Decided December 6, 1971.     Rehearing denied January 10, 1972.

Mansur Tinsley, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Eugene C. Cavaliere, Assistant, for defendant in error.

*In Department.*

Opinion by Donald A. Carpenter, District Judge.*

The plaintiff in error, hereinafter referred to as the defendant, seeks reversal of a conviction of the wilful failure to support his five minor children under an information filed pursuant to C.R.S. 1963, 43-1-1, and the resulting imposition of a sentence of five years probation.

The defendant alleges as grounds for the reversal, (1) that the court erred in restricting the impeachment of the witness, Mary Lou Silcott, the divorced wife of the defendant and complaining witness, concerning a prior

non-support action; (2) that the court erred in not requiring the People to prove that the defendant was financially able to render such support to sustain the issue of wilful failure to support his children, the People having introduced no evidence relative to the defendant's financial situation during the period charged in the information; and (3) that the court erred in permitting Mrs. Silcott's testimony concerning the needs of the child who suffered brain damage at birth, and that such testimony was irrelevant, prejudicial and designed to improperly influence the jury.

It appears from the record that with the exception of $100 paid in May 8, 1967, defendant made no payments for the support of his children for a period from May 8, 1967, to February 19, 1968.

It further appears that nearly $700 per month was necessary to defray the expense in supporting his five children, which sum included the cost of $25 per week for therapy for Laurie Ann, the daughter suffering from brain damage.

There was evidence to show that during the period from May 8, 1967 to February, 1968, the period of non-support charged in the information, the defendant earned $1825.86. The defendant presented a defense that he suffered a sharp decrease in income because of ill health, and was, therefore, unable to contribute to the support of his children, and should be excused from the duty thereof.

The contention of the defendant that it was error to restrict the impeachment of Mary Lou Silcott by seeking to elicit testimony concerning a prior non-support action is without merit. It was not error for the reason that such action was collateral to the issues before the court. The issue here was whether or not the defendant had wilfully neglected, failed and refused to provide reasonable support and maintenance for his children from May 8, 1967 to February, 1968. This court has often held that the impeachment of a witness must be upon

matters material to the issues on trial. *King v. People,* 64 Colo. 398, 172 P. 8 (1918); and *Huggins v. Campbell,* 130 Colo. 183, 274 P.2d 324 (1954). Moreover, a witness may not be impeached on cross-examination upon a collateral matter. *King v. People, supra; O'Chiato v. People,* 73 Colo. 192, 214 P. 404 (1923); and *Gizewski v. People,* 78 Colo. 123, 239 P. 1026 (1925).

■ It appears that upon the close of the People's case, the defendant moved for a directed verdict on the grounds that the People failed to prove that the defendant wilfully neglected and failed or refused to provide reasonable support and maintenance for his children. It has been repeatedly held by this court that when an accused moves for a directed verdict at the close of the People's case, he is not entitled to have an adverse ruling on the motion reviewed unless, of course, he stands on the motion. If he introduces evidence, the correctness of the ruling is determined from the state of the evidence at the end of the trial. *Tucker v. People,* 136 Colo. 581, 319 P.2d 983 (1957); *Lewis v. People,* 114 Colo. 411, 166 P.2d 150 (1946); and *Hughes v. United States,* 320 F.2d 459 (1963). This rule was not changed by Crim. P. 29(a). *2 C. Wright, Federal Practice and Procedure* ch 7, § 462 (1969).

■■ In the instant case, the defendant, by his own testimony, disclosed he was earning money during the period involved, and that he was able to borrow, and that he bought a better car. This testimony supplied any deficiencies in proof which the People's witnesses were unable to supply, tending to prove that his neglect was not owing solely to his physical incapacity or other good cause. *Tucker v. People,* 136 Colo. 581, 319 P.2d 983 (1957); *State v. Winterbauer,* 296 S.W. 219 (Mo. 1927); and *Poindexter v. State,* 137 Tenn. 386, 193 S.W. 126 (1917). This court has further held that the question of whether or not the father had good cause for failure to support was properly for the jury. *Tucker v. People, supra.*

■ The contention of the defendant that the testimony relating to the special needs of his daughter, Laurie Ann, who suffered from brain damage, was prejudicial in that it inspired sympathy in the minds of the jury cannot be sustained. It was proper testimony to show the support needed for the adequate care of this child.

Judgment affirmed.

MR. JUSTICE GROVES, MR. JUSTICE LEE and GEORGE M. McNAMARA, District Judge,* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

---

ON PETITION FOR REHEARING.

In the petition for rehearing a ruling is sought that cross-examination may be with respect to collateral matters if the purpose is to show bias, hostility or prejudice on the part of the witness. We have again reviewed the record and find that counsel was permitted to cross-examine the divorced wife concerning the prior non-support action and was restricted only as to testimony concerning the disposition of that action. Counsel was not unreasonably restricted in cross-examination.

The petition for rehearing is denied.