## No. 25064

**The People of the State of Colorado v. James Douglas Olinger**
(502 P.2d 79)

Decided October 24, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

Defendant-appellant Olinger is appealing his conviction by a jury of assault on a peace officer. 1967 Perm. Supp., C.R.S. 1963, 40-7-54.

The victim of the alleged assault was one Officer Ray of the Wheat Ridge Police Department, who had responded to a call for police assistance at a residence. After some discussion with the parties present, the police officer informed the defendant that he was being placed under arrest. Upon being advised of his rights, defendant attempted to use the telephone in order to call his attorney, but was physically

restrained by the officer, who stated the call could only be made at Police headquarters. A scuffle ensued in which Officer Ray struck defendant on the side of the head with a flashlight. Defendant obtained possession of Officer Ray's gun and pointed it at him. Ray put his thumb behind the trigger in such a manner as to prevent the pistol from being fired and succeeded in regaining possession of his weapon. Defendant was placed under arrest.

## I.

■ Defendant's first argument is related to the trial court's refusal to grant defendant's motion for judgment of acquittal at the close of the People's case on the ground of the insufficiency of the evidence. When the motion was denied, defendant proceeded to offer evidence, including his own version, as to the altercation. In doing so, he presented such conflicts as to warrant — on all of the evidence — submission of the case to the jury. On the state of the whole record, he cannot now assert error on the People's evidence alone.

In *Tucker v. People,* 136 Colo. 581, 319 P.2d 983, we stated the law thusly:

"* * * It has been repeatedly held by this court that where an accused moves for a directed verdict at the close of the People's case he is not entitled to have an adverse ruling on said motion reviewed in this court unless he stands on said motion. If he introduces evidence, the correctness of the ruling is determined from the state of the evidence at the end of the trial."

*See also McClendon v. People,* 174 Colo. 7, 481 P.2d 715.

## II.

Defendant's second contention is that the People have failed to prove the existence of a specific intent, which is incumbent upon the People to prove beyond a reasonable doubt. *Armijo v. People,* 157 Colo. 217, 402 P.2d 79; *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020.

■ Reviewing all the evidence, we conclude that there was evidence sufficient to submit to the jury of defendant's specific intent to do great bodily injury. In most cases, and in the instant one as well, specific intent can only be proven by circumstantial evidence. *Gonzales v. People,* 168 Colo. 545, 452, P.2d 46; *Peterson v. People,* 133 Colo. 516, 297 P.2d 529. Officer Ray testified that he felt the hammer working while the gun was pointed at his stomach. He exhibited bruises to his thumb which he said were caused by repeated pulling of the trigger while his thumb was wedged in behind it to prevent full cocking of the hammer. From this, the jury could infer specific intent to shoot the officer and that only the width of the officer's thumb prevented the gun from being fired.

## III.

Defendant's final arguments dealing with instructions are that the trial court erred in rejecting defendant's tendered instruction numbered 2 on the lesser included offense of simple assault; that the instruction on general intent in instruction numbered 3 should be limited to the lesser included offense of simple assault; that the instruction concerning the legal effect of intoxication in determining the element of specific intent was inadequate.

■ We conclude that the instructions, considered as a whole, adequately covered the law and clearly advised the jury as to specific intent. *See Mathis v. People,* 167 Colo. 504, 448 P.2d 633; *Jordan v. People,* 161 Colo. 54, 419 P.2d 656. There must be evidence — not present in this case — to warrant an instruction on simple assault. *Zarate v. People,* 163 Colo. 205, 429 P.2d 309. We also conclude that the instructions regarding intoxication were correct.

The judgment is affirmed.

MR. JUSTICE GROVES not participating.