## No. 24819

### The People of the State of Colorado v. Raymond Cruz Baca
(503 P.2d 348)

Decided November 27, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Randolph M. Karsh, Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Defendant Baca was found guilty by a jury of assault to commit murder. On appeal he urges reversal on several grounds, including the ground that the evidence is insufficient as a matter of law to sustain his conviction. In our view the evidence is fatally deficient. We, therefore, reverse the judgment of the trial court and direct that the defendant's motion for judgment of acquittal be granted. This disposition eliminates the necessity of any discussion of the defendant's other assignments of error and the assignment of cross-error.

John Cruz was shot in the back while exiting from the rear seat of a car being driven by one Vasquez. At the time of the shooting the vehicle was stopped to permit the victim to leave. The driver's 5-year old daughter and the defendant were in the front seat of the vehicle with the driver. Previously the three men had consumed some alcoholic drinks together and the prosecution's evidence indicated that there existed no ill will between the men. Driver Vasquez and

victim Cruz testified that they could not say who did the shooting or even who had a gun, however, from the sound it seemed like the shot came from the inside of the car. No weapon which could have inflicted the injury upon the victim was found.

The foregoing is a summarization of the prosecution's evidence. What actually happened is unanswered by this evidence.

■■ The crime for which defendant was convicted requires evidence of defendant's "present ability" to commit an assault on the victim and specific intent to murder. *Moyer v. People,* 165 Colo. 583, 440 P.2d 783 (1968); *Armijo v. People,* 157 Colo. 217, 402 P.2d 79 (1965); *Peterson v. People,* 133 Colo. 516, 297 P.2d 529 (1956); *Shreeves v. People,* 126 Colo. 413, 249 P.2d 1020 (1952); *Horton. v. People,* 47 Colo. 252, 107 P. 257 (1910). C.R.S. 1963, 40-2-34; C.R.S. 1963, 40-2-33.

■ The evidence here fails to meet the above specified requirements and is therefore insufficient as a matter of law to sustain this conviction. The trial judge erroneously failed to grant the defendant's motion for a judgment of acquittal. The evidence here is substantially deficient because it fails completely to present any evidence of any nature that the defendant possessed the gun and, therefore, had the present ability to inflict the victim's injury. Perhaps of greater importance, there is no evidence whatsoever from which the jury could draw an inference that the defendant had the specific intent to murder the victim.

The Attorney General concedes that the evidence to support the defendant's conviction of assault with intent to commit murder is woefully weak but not fatally insufficient. In his effort to support the conviction the Attorney General aruges, but not persuasively in our view, that there exists an assortment of circumstances from which the jury could draw an inference that the defendant had possession of a gun and had the intent to murder the victim. Perhaps the strongest circumstance suggested by the Attorney General is that the defendant fled the scene. However, neither this nor the other

so-called circumstances have the stature of circumstantial evidence which precludes any reasonable 'hypothesis of innocence. *People v. Vigil,* 180 Colo. 104, 502 P.2d 418 and *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970). This rule of law is particularly significant and applicable here when we consider the defendant's testimony regarding the reason he fled the scene which is reasonably understandable and comports just as much with the innocence of the defendant as it might with his guilt.

Judgment reversed and cause remanded with directions to grant the defendant's motion for a judgment of acquittal.