### No. 25326

### The People of the State of Colorado v.
### Michael Edward Becker

(509 P.2d 799)

Decided May 7, 1973.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, Jack E. Hanthorn, Assistant, for plaintiff-appellee.

H. Conway Gandy, for defendant-appellant.

Opinion by MR. JUSTICE KELLEY.

The defendant, Michael E. Becker, was convicted on two counts of forgery in violation of C.R.S. 1963, 40-6-1. He asserts error in the trial court's denial of his motion for judgment of acquittal at the close of the People's evidence. Crim. P. 29(a). From the judgment entered on the guilty verdicts, defendant appeals. The defendant was sentenced to identical concurrent sentences on each count. We find no error and affirm.

The defendant, following denial of his motion for judgment of acquittal, elected to present evidence in his own defense. At the conclusion of all the evidence, the defendant did not renew his motion for judgment of acquittal.

The only error alleged is that the court should have granted his motion for judgment of acquittal on the ground of the insufficiency of the evidence.

The defendant concedes that unless we overrule *Silcott v. People,* 176 Colo. 442, 492 P.2d 70 (1971); *Tucker v. People,* 136 Colo. 581, 319 P.2d 983 (1957); and *Lewis v. People,* 114 Colo. 411, 166 P.2d 150 (1946), that there is no error. Whatever deficiencies there were in the proof at the close of the people's evidence were supplied by the defendant through the testimony of the witnesses which took the stand in his behalf. *Silcott v. People, supra,* and its two predecessors hold that the defendant is not entitled to a review of an adverse ruling on his motion for judgment of acquittal at the

close of the People's case unless he stands on such motion and the correctness of the ruling on the motion is determined from the state of the evidence at the close of all the evidence. Crim. P. 29(a).

The so-called "waiver doctrine" has been consistently followed for a quarter of a century in this jurisdiction and we adhere to that position.

The judgment is affirmed.

MR. JUSTICE HODGES, MR. JUSTICE GROVES, and MR. JUSTICE ERICKSON concur.