No. 25755

**The People of the State of Colorado v. Stephen Lee Wilkie**
(522 P.2d 727)

Decided May 28, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Robert C. Lehnert, Assistant, James S. Russell, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

Opinion by MR. JUSTICE LEE.

Appellant, Stephen Lee Wilkie, was convicted by a jury in the district court of El Paso County of possession of a dangerous drug, LSD, with intent to dispense, in violation of

1969 Perm. Supp., C.R.S. 1963, 48-8-10(3). We affirm the judgment of conviction.

The facts as revealed by the People's evidence showed that appellant lived in an apartment at 1930 Bijou Street, Colorado Springs, with three other persons. His dominion and control of the premises were demonstrated by the following facts: he executed the lease to the premises; he made the security deposit; the utility accounts were in his name; and all rent receipts were in his name.

Appellant admitted to an investigating officer that on March 24, 1972, he purchased a quantity of drugs for $400 in Boulder as a "good investment" and returned them to his apartment in Colorado Springs. The following day these drugs were seized pursuant to a search warrant, along with a variety of other drugs, paraphernalia, and other evidence. A chemical analysis of the drugs purchased in Boulder showed that they were lysergic acid diethylamide, commonly known as LSD. The evidence showed that the quantity of the LSD was sufficient to make 600 to 700 tablets, each of which would produce a "trip" of three to four hours duration. The tablets would have a retail market value of two dollars each. Other evidence supporting the inference that appellant intended to dispense the LSD was his admission that he had in the recent past engaged in the sale of other drugs.

I.

Appellant's first contention of reversible error is that the evidence was insufficient to sustain his conviction and that the court erred in not granting his motion for judgment of acquittal made at the close of the People's case. We find no merit to this argument.

Appellant elected not to stand on his motion for judgment of acquittal made at the close of the People's evidence, but introduced evidence of his defense. In these circumstances, upon review, this Court will examine all of the evidence in appraising its sufficiency to sustain the jury's verdict. *People v. Becker,* 181 Colo. 384, 509 P.2d 799; *People v. Olinger,* 180 Colo. 58, 502 P.2d 79; *Silcott v. People,* 176 Colo. 442, 492 P.2d 70.

■ Viewed in the light most favorable to the People's case — as we must — we find the jury's verdict of guilt to be amply sustained. *Southard v. People,* 174 Colo. 324, 483 P.2d 962; *Vigil v. People,* 174 Colo. 164, 482 P.2d 983. Without reviewing in detail the evidence, it is sufficient to note that the jury could reasonably conclude, in view of appellant's incriminating admissions, that he knowingly purchased the LSD as a "good investment," with intent to unlawfully dispense it by sale for a substantial profit, and that he was therefore guilty as charged.

■ Appellant's principal argument is that inasmuch as there were other persons who lived in the apartment, and, additionally, many others had ready access to the premises, appellant did not have the requisite dominion and control of the premises to attribute to him the exclusive possession of the drugs which were found in the kitchen refrigerator. The answer to this contention is found in the numerous pronouncements of this Court that sole and exclusive possession is not required, but that joint possession in a place at least partially under the dominion and control of the accused is sufficient. *Feltes v. People,* 178 Colo. 409, 498 P.2d 1128; *People v. Vigil,* 175 Colo. 421, 489 P.2d 593; *Moore v. People,* 171 Colo. 338, 467 P.2d 50; *Petty v. People,* 167 Colo. 240, 447 P.2d 217; *Martinez v. People,* 162 Colo. 195, 425 P.2d 299; *Duran v. People,* 145 Colo. 563, 360 P.2d 132. It is clear from the evidence that the necessary dominion and control of the apartment were in appellant.

## II.

Appellant's other contention of reversible error is that the trial court improperly admitted evidence of other transactions.

Over appellant's objection the prosecution was allowed to show that appellant had sold marijuana and mescaline approximately one week prior to his arrest. These events were admitted by appellant when he gave his statement to the investigating officer. Prior to admitting this evidence, the court *in camera* found the statement was voluntarily and knowingly made in compliance with legal requirements and

was therefore admissible. The court also ruled that the admissions concerning other criminal transactions were relevant to show scheme, design, intent and guilty knowledge. In strict compliance with the rules laid down in *Stull v. People,* 140 Colo. 278, 344 P.2d 455, the court verbally instructed the jury as to the limited purpose for which that evidence was received. Again, in the jury charge the court in writing instructed the jury concerning the limited purpose of the evidence of these other transactions.

█ We agree that this evidence of other transactions was relevant to show appellant was admittedly a dealer in drugs and tended to substantiate his scheme, design, intent and guilty knowledge concerning the transaction of which he was accused. Accordingly, we find no merit in this argument.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE DAY and MR. JUSTICE HODGES concur.