MR. JUSTICE KELLEY
delivered the opinion of the Court.
*309 Defendant was convicted by a jury of assault with intent to commit murder and assault with a deadly weapon against a peace officer. We affirm.
On the morning of February 9, 1972, Officers Smith and Oliver of the Greeley Police Department went to the First United Presbyterian Church in Greeley in response to a call to check out a suspicious person in the church. They entered the church and located the defendant inside a bathroom stall in the basement of the church. The officers identified themselves and asked the defendant to come out of the stall. The defendant came out, and as he was exhibiting his driver’s license to the officers, his coat came open and Officer Oliver observed a metal object protruding from the defendant’s belt.
Officer Oliver made a move to reach for the metal object, and as he did the defendant spun away from him. As he spun he brushed against Oliver, and Oliver felt what he believed to be a weapon in the defendant’s waistband or pocket. Officer Oliver yelled to his partner that the defendant had a gun. At this point the defendant said: “Yes, I’ve got a gun and I’m goin’ to kill mea... cop.”
A struggle ensued between the two officers and the defendant during which the defendant drew his gun. The officers were able to wrest the handgun away from the defendant after it was fired one time, wounding the defendant in the leg.
At trial the People’s evidence was essentially as stated above. The defendant took the stand and denied making the statement about killing a cop. He testified that he did indeed have the gun, but was merely trying to throw it in the toilet bowl to remove any finger prints from the weapon which might connect it to the person from whom he had purchased it.
The only question before us is whether the People’s evidence is sufficient to sustain the jury verdict. Defendant argues that the People failed to prove that he had the requisite specific intent to commit murder or to commit bodily injury. We disagree.
Reviewing the evidence in the light most favorable to the jury’s verdict, as we must when the sufficiency of the *310 evidence is challenged by a defendant, Dodge v. People, 168 Colo. 531, 452 P.2d 759 (1969), we hold that the evidence was sufficient to show that the defendant had the requisite specific intent. See Olinger v. People, 180 Colo. 58, 502 P.2d 79 (1972); Peterson v. People, 133 Colo. 516, 297 P.2d 529 (1956).
The judgments are affirmed.