Gilbert O. WESTFALL,
Plaintiff–Appellant,

v.

TOWN OF HUGO, Defendant–Appellee.

No. 92CA0223.

Colorado Court of Appeals,
Div. III.

March 25, 1993.

Rehearing Denied Sept. 2, 1993.

Johnson and Johnson, Scott W. Johnson, Colorado Springs, for plaintiff-appellant.

Law Offices of Lawrence A. Wright, Jr., Lawrence A. Wright, Jr., Myka M. Landry, Kiowa, for defendant-appellee.

Opinion by Judge CRISWELL.

Plaintiff, Gilbert O. Westfall, appeals from the judgment entered on a jury verdict dismissing his claim for damages allegedly caused by a fire emanating from a sanitary landfill operated by the defendant, Town of Hugo. He argues that the trial court committed reversible error by admitting evidence of plaintiff's prior lawsuits and in refusing to instruct the jury upon certain administrative regulations. We agree; hence, we reverse and remand for a new trial.

For a number of years, the Town has operated a sanitary landfill in the unincor-

porated portion of Lincoln County. Plaintiff owns pasture and farmland located nearby.

In April 1986, a grass fire occurred that apparently began in or near the Town's disposal site. Because of high winds, the fire spread over a large area, burning a substantial area of grasslands, including approximately 5,000 acres of land and several miles of fencing owned by plaintiff.

Claiming damages consisting of loss of leasehold revenue and the cost of repair to the fence, plaintiff instituted suit against the Town. His evidence, if credited, could have led to the inference that the Town negligently failed adequately to maintain and operate the disposal site, and as a result, a fire started by some third party within the disposal pit spread to the surrounding area.

After a trial to a jury, a verdict for the Town was returned, and the court entered its judgment on that verdict.

## I.

We agree with plaintiff that the trial court committed reversible error in allowing plaintiff to be cross-examined with respect to other, unrelated litigation in which he had been involved.

During plaintiff's direct examination, he identified photographs taken of the disposal site the day after the fire. On cross-examination, he admitted that the photographs were taken because of the possibility of future litigation. Thereafter, at the end of re-direct, plaintiff testified that he was not "real happy" about being on the witness stand and that he would "rather have my place back like it was before the fire than having to be here trying to get a little damage out of them...."

On re-cross examination, plaintiff was questioned, over objection, about four instances of litigation in which he had been involved in the 38 years prior to trial. One lawsuit, the subject matter of which is nowhere described in the record, was instituted by him against the Town of Genoa in 1953. Another, involving the Town of Limon, was apparently instituted in 1979, and

a third was filed in Lincoln County in 1962. He initially denied suing a neighbor in 1981, but, upon being recalled as a part of defendant's case-in-chief, acknowledged that an attorney had filed a trespass suit on his behalf to recover for some 250 bales of hay that had been taken from his property. The result of that litigation is not disclosed by the record.

The jury was not informed with respect to the subject matter or the results of the 1953 lawsuit against the Town of Genoa, the 1962 lawsuit in Lincoln county, or the 1979 suit against the Town of Limon. From the record made in a hearing out of the presence of the jury, however, it appears that the 1962 lawsuit was a divorce proceeding and that the 1979 litigation against the Town of Limon related to water rights in which a water district and other landowners had joined and which was settled without a trial.

At trial, counsel for the Town, relying on *Banek v. Thomas,* 733 P.2d 1171 (Colo. 1986), justified the admission of such evidence on the basis that it tended to impeach plaintiff's testimony that he would rather not be in the courtroom and would rather the fire not have occurred. However, in his closing argument to the jury, counsel referred to plaintiff's suit against Genoa, Limon, and his neighbor as indicative of his litigious nature.

■ Evidence of prior litigation, if related to the subject matter of the present suit and if it is relevant to one of the issues presented by that suit, may be admissible. In *Banek v. Thomas, supra,* for example, our supreme court held that a plaintiff who was prosecuting a civil claim for assault and battery against a police officer could be examined with respect to his prior conviction of resisting arrest because that conviction arose out of the same occurrence upon which his civil claim was based.

■ However, if the prior litigation or the issue decided by such litigation is not relevant to any substantive issue presented by the present suit, it is uniformly agreed that it is inadmissible unless there is a legitimate purpose for its admission, such

as demonstrating a fraudulent scheme of pursuing meritless claims of the same nature as that being asserted in the present suit. *See generally McCormick on Evidence* § 196 (3d ed. 1984).

■ Here, defendant seeks to justify the reception of evidence of other litigation on the grounds that plaintiff "opened the door" to it by testifying that he would rather the fire not have happened. However, even if we were to assume that proof of the involvement in some four lawsuits, each of an apparently differing nature, over a period of 38 years demonstrated a proclivity for litigiousness, the Town does not assert that plaintiff was pursuing a fraudulent claim in *any* instance. The question whether plaintiff enjoyed litigation, or abhorred it, was irrelevant to any issue in controversy, and defendant does not suggest any relevancy that it possessed, except for impeachment. However, such evidence being thus entirely collateral to the issues presented, it was improper to allow such impeachment. *See Silcott v. People,* 176 Colo. 442, 492 P.2d 70 (1972); *Moyer v. Merrick,* 155 Colo. 73, 392 P.2d 653 (1964); *Huggins v. Campbell,* 130 Colo. 183, 274 P.2d 324 (1954).

■ We also conclude that its admission cannot be considered to be harmless. The evidence was emphasized at the time of its reception, plaintiff was recalled by defendant solely to impeach him with respect to his recollection of one lawsuit, and defendant's counsel commented on this evidence in his closing argument. We cannot say that, under these circumstances, plaintiff suffered no prejudice from such evidence. *See Outley v. City of New York,* 837 F.2d 587 (2d Cir.1988) (reversible error to receive evidence of other suits against police officers filed by plaintiff pressing civil rights claim against police officers); *Knight v. Hasler,* 24 Wis.2d 128, 128 N.W.2d 407 (1964) (reversible error to allow cross-examination of personal injury plaintiff as to previous claims for personal injuries asserted against others); *Lowenthal v. Mortimer,* 125 Cal.App.2d 636, 270 P.2d 942 (1954) (same).

## II.

We also agree with plaintiff that the trial court committed prejudicial error in refusing to instruct the jurors upon the existence of regulations promulgated by the Colorado Department of Health.

The regulations at issue were promulgated to implement the provisions of § 30–20–101 through § 30–20–118, C.R.S. (1986 Repl.Vol. 12A), as that statute existed at the time of the fire. That statute applies to every "person," including a municipal corporation, who operates a solid waste disposal site. Sections 30–20–101(3) and 30–20–102(1), C.R.S. (1986 Repl.Vol. 12A). It requires any such site located within the unincorporated portion of any county to receive a certificate of designation for that site and for the facility from the board of county commissioners. Section 30–20–102(1).

However, the application for such a certificate, while filed with the board of county commissioners, must be forwarded to the department of health for its review and recommendation. Section 30–20–103, C.R.S. (1986 Repl.Vol. 2A). And, the board cannot issue such a certificate in the face of the department's recommended disapproval. Section 30–20–105, C.R.S. (1986 Repl.Vol. 12A).

The statute authorizes the department to promulgate rules and regulations for the construction and operation of solid waste disposal facilities, and it sets forth certain minimum standards for such facilities. Sections 30–20–109 and 30–20–110, C.R.S. (1986 Repl.Vol. 12A). Among such minimum standards is one which requires that such sites and facilities be adequately fenced so as to prevent waste material and debris from escaping from the site. Section 30–20–110, C.R.S. (1986 Repl.Vol. 12A).

The trial court instructed the jury upon this latter statutory provision and advised the jurors that a violation of such statute would constitute negligence.

■ The regulations adopted by the department are contained within the Code of Colorado Regulations, a publication which the Colorado General Assembly has desig-

nated to be one of the official publications of all rules and regulations of state agencies. Section 24–4–103(11)(a), C.R.S. (1988 Repl.Vol. 10A). A regulation appearing in this code, therefore, is a fit subject for judicial notice. *See* C.R.C.P. 44(a)(1); CRE 201; *Sturm v. Block*, 28 Ill.Dec. 553, 72 Ill.App.3d 306, 390 N.E.2d 912 (1979).

■ These regulations provide that:
Facilities for solid waste disposal shall be kept adequately fenced to prevent unauthorized public access without operator supervision. 6 Code Colo.Reg. 1007–2, § 2.2.1.

These regulations also provide that:
in the exercise of its regulatory authority to assure compliance with these regulations, the *department and* governing body having jurisdiction may waive compliance with any standard in Section 2.2.... 6 Code Colo.Reg. 1007–2, § 1.3.8 (emphasis supplied).

The trial court acknowledged the existence of such regulations and defendant does not contest their general effectiveness. Nevertheless, the court refused to instruct the jury as to the requirements of § 2.2.1 for non-access to such sites without operator supervision. The sole basis for such refusal was that plaintiff had failed to prove that the regulation had not been waived by the board of county commissioners.

However, the provision for waiver of the application of the department's regulations is an *exception* to the general applicability of those regulations. Hence, it was not the burden of plaintiff, who was relying upon the general applicability of the regulation, to prove that it had *not* been waived; rather, if the Town was maintaining that there had been a waiver, then it had the burden to prove its existence. *See Ziatz v. People*, 171 Colo. 58, 465 P.2d 406 (1970); *Cowin & Co. v. Medina*, —— P.2d —— (Colo.App. No. 91CA1400, November 5, 1992).

■ Further, the Town could not assert that the board of county commissioners authorized "noncommercial" burning in the Town landfill by implication or inaction. The statute, § 30–20–110(2), C.R.S. (1986 Repl.Vol. 12A), is specific in requiring that in each case such authorization is to be by means of "regulations" adopted by the board and by a "resolution" specifically authorizing such burning.

■ Moreover, given the statutory requirement that the board of county commissioners cannot approve a certificate of designation in face of the department of health's recommendation for disapproval, it also follows that the department's regulation authorizing a waiver of any requirement in section 2.2. by "the department and governing body" necessarily requires that *both* agencies act upon any requested waiver. Nothing within the record suggests that this has occurred. To the contrary, there is evidence that the department had noted the lack of a locked gate to keep unauthorized persons out of the site and had requested the Town to take corrective action.

Finally, the stipulation by the parties with reference to the regulations applied only to that portion regulating the Town's authority, as the operator of the landfill, to burn trash. As the trial court recognized, that stipulation had no bearing upon the regulation prohibiting access to the landfill by third parties in the absence of landfill attendants.

Under these circumstances, and given plaintiff's theory that the fire was started by some user of the disposal site who began to burn trash while the site was not supervised, which had evidentiary support, plaintiff was entitled to an instruction upon the pertinent regulation.

### III.

■ We disagree with plaintiff's assertion that he was entitled to a directed verdict on the issue of liability. Even if we were to assume, without deciding, that the evidence established the Town's violation of the pertinent statute or regulation, there still existed a legitimate question whether plaintiff's damages were caused by that violation or whether they resulted from unusual and unforeseeable weather conditions.

## IV.

Because we shall remand the cause to the trial court for a new trial, at which time the parties shall have an opportunity to amend their pre-trial disclosure certificates, we need not address plaintiff's claim that the trial court abused its discretion in refusing to allow his expert to testify.

The judgment is reversed, and the cause is remanded to the trial court for a new trial.

STERNBERG, C.J., and NEY, J., concur.