Opinion by
Mr. Justice Day.
We refer to the parties by name.
The action was commenced by Robert D. Amy, guardian-trustee for Sam Eschliman during the lifetime of Eschliman, to recover assets allegedly held by Florence Woodhams and which she refused to deliver over to the guardian-trustee upon his appointment. The assets sought in the suit was a passbook and proceeds of a joint tenancy savings account standing in the name of Sam Eschliman and Florence Woodhams, or the survivor. The account in the amount of $5000.00 was opened by Florence while she was acting as trustee for Sam. The funds placed in the savings account were transferred from a checking account of Sam’s “for the purpose of obtaining interest.” Florence, in refusing to deliver the passbook to the guardian-trustee, contended for ownership of half of the account. When Sam died during the pendency of the action, Robert Amy was appointed executor of his estate and substituted as party plaintiff. In the trial court Florence claimed the entire proceeds of the account as the survivor. It was admitted that the $5000.00 at the time of the transfer to the savings account belonged to Sam, and that Florence never deposited any funds of her own in the joint account.
Trial was to the court without a jury and judgment was entered in favor of the executor on all issues. The court based its decision on the established principle that the fiduciary could not take advantage of her trust position to obtain the proceeds of a trust account unless she maintained the burden placed upon her to show that the transaction giving her the benefit as survivor was fair, just and reasonable. The court found that Florence *257 Woodhams failed to meet this burden, and the record amply supports the conclusion.
We are persuaded that no other conclusion was possible under the evidence. A separate trust agreement, drawn at the suggestion of Florence by an attorney to whom Florence took Sam, made her trustee of Sam’s property and provided that his assets be held in the names of both Sam and Florence and that her signature as trustee would be necessary on all writings and instruments made by Sam. To carry out this trust agreement there was no other method of opening an account except in the names of both. It was not established by clear and convincing evidence that Sam understood the legal effect of the joint tenancy agreement which he signed. A letter from Sam to the bank during his lifetime and before the guardian-trustee was appointed purported to place a “stop order” on the account to prevent “Florence or any one else” from withdrawing any funds therefrom. This was some evidence that it was not Sam’s intention that the proceeds of the account, in whole or in part, be turned over to Florence. The inferences from this action by Sam also were not overcome by Florence.
A clear and concise statement of the law applicable to the facts disclosed by this record appears in Zink, Executrix v. Carlile, 126 Colo. 208, 248 P. (2d) 306, in which this court quoted from Lathrop v. Pollard, 6 Colo. 424:
“ * * * a trustee may purchase from the cestui que trust, or accept a benefit from him, but the transaction must be beyond suspicion; and the burden is on the trustee to vindicate the bargain or gift from any shadow of suspicion, and to show that it was perfectly fair and reasonable in every respect, and courts will scrutinize the transaction with great severity.” (Emphasis supplied.)
We also find in the Zink case this comment:
“In Anderson v. Lindgren, Adm’r, 113 Colo. 401, 157 P. (2d) 687, this court stated, ‘Plaintiffs contend that *258 where a fiduciary relation exists, the burden rests upon the fiduciary to show that no advantage was taken. This is correct.’ In Hilliard, Adm’r v. Shellabarger, 120 Colo. 441, 210 P. (2d) 441, the doctrine was discussed at length, and we there held that one who endeavors to retain benefits received from another toward whom he stood in a position of trust, has the burden of proof to overcome the presumption of undue influence. * * * ”
The judgment of the trial court is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz concur.