470 P.2d 603 (1970)
Lowell R. BOHL, Plaintiff in Error,
v.
Roy HANEY, (William Greathouse by substitution,) and H. L. Haney, as Guardians of the Estate of Della J. Moore, Ward, Defendants in Error.
No. 70-020. (Supreme Court No. 22737.)
Colorado Court of Appeals, Div. II.
February 17, 1970.
Rehearing Denied March 12, 1970.
*604 Carl M. Shinn, Lamar, for plaintiff in error.
Johnson & McLachlan, Lamar, for defendants in error.
Selected for Official Publication.
DWYER, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
This is an action brought by guardians on behalf of their ward to rescind the transactions by which their ward, Della Moore, conveyed her real estate and transferred her personal property to her nephew, Lowell Bohl.
Lowell Bohl, defendant in the trial court, is here as plaintiff in error seeking reversal of the judgment rescinding the transactions. Defendants in error, Roy Haney and H. L. Haney as guardians of the Estate of Della J. Moore, Ward, were plaintiffs in the trial court. While this case was pending in the Supreme Court, Roy Haney died and William Greathouse, the present co-guardian of Della J. Moore, was substituted as party defendant in error. The parties are referred to as they appeared in the trial court or by their names.
Della Moore was born August 23, 1884. Roy Haney and H. L. Haney are brothers of Della Moore. Lowell Bohl is the son of one of Della Moore's deceased sisters. In 1911, Della married Otho Moore. The Moores lived on a farm in Baca County until they retired in 1954 and moved to Walsh, Colorado.
In 1961, Lowell Bohl took Otho Moore and Della Moore to the office of an attorney in Springfield, Colorado, where a joint and mutual will was drawn and signed. The will provided that the survivor of Della and Otho was to have a life estate in their property and that, upon the death of the survivor, the property was to pass to named relatives of both Moores. Lowell Bohl was one of the witnesses to the will and was also named executor in the will.
Otho Moore died on February 5, 1963. On February 13, 1963, Bohl took Della Moore to Springfield to the office of the attorney who prepared the will and there Della Moore executed a general power of attorney authorizing Lowell Bohl to manage and dispose of her real and personal property. On the following day, Bohl took Mrs. Moore to the attorney's office and Bohl signed petitions for probate of Otho Moore's will and for Bohl's appointment as executor. At the same time, Della Moore signed a deed conveying her house and four hundred eighty acres of farm land to herself and Lowell Bohl as joint tenants. Thereafter, in a series of transactions, Della Moore conveyed to Lowell Bohl joint tenancy interests in her bank accounts, her savings certificates and her corporate securities. She also executed a will in which she left all of her property to Lowell Bohl. On two occasions, Lowell Bohl purchased his own notes using funds withdrawn from the joint tenancy accounts.
The guardians commenced this action to set aside all conveyances and assignments by which Della Moore had transferred her property to Lowell Bohl. Lowell Bohl, in his answer, admitted the transfers of the property, but alleged that the transfers were *605 gifts, and that Della Moore was not under any undue or wrongful influence when the gifts were made.
Both Lowell Bohl and Della Moore testified at the trial. Mr. Bohl testified that Della Moore voluntarily executed the deed and the other documents transferring her property and that she understood the nature of the documents she signed. Della Moore identified her signature on the documents involved but said that she did not know what she signed when the documents were executed.
Roger Troup, M. D., testified that he had taken care of Della Moore since 1962. He testified that she was sane, but that the cortical or "thinking part" of her brain was affected by arteriosclerosis. It was the opinion of Dr. Troup that Della Moore was not competent to preserve or conserve her estate the entire year of 1963 and at all times subsequent thereto.
At the conclusion of the trial, the court found that Della Moore did not understand the instruments that she signed and, further, that:
"* * * while the evidence is conflicting, the court finds as a fact from this conflicting evidence that Della Moore was in such a weakened physical and mental condition due to old age and disease during the year 1963 and at all times subsequent thereto, that she did not have the mental ability and capability to preserve and conserve her estate, and further, that her ability was so decreased that she could not deal with her property and particularly in the making of gifts and agreements with her confidant and advisor, Lowell Bohl."
The court stated his conclusion of law as follows:
"It has been established in this case that Lowell Bohl occupied a fiduciary relationship to Della Moore before the death of her husband on February 5, 1963, and at all times subsequent to February 5, 1963, until the relationship was terminated about the time of the appointment of co-guardians for Della Moore on May 25, 1965, and by reason of this fiduciary relationship the law presumes that Lowell Bohl was in a position to exercise influence and dominion over Della Moore and such influence and dominion operated upon and procured the various transactions * * * and that the influence exercised by Lowell Bohl over Della Moore was improper and unfair and was an undue influence.
"The court also concludes as a matter of law that the presumption of undue influence in this case was a rebuttable presumption, but that the fiduciary, Lowell Bohl, did not overcome the presumption of undue influence and that all of the transactions above described are invalid."
The record supports the trial court's findings of fact and his conclusions of law are correct. In holding that Bohl's fiduciary relationship imposed upon him the burden of showing the transactions in issue were in fact fair, just and reasonable, the court followed the holding of the Colorado Supreme Court in similar factual situations. Whatley v. Wood, 157 Colo. 552, 404 P.2d 537 (1965); Woodhams v. Amy, 148 Colo. 255, 365 P.2d 696 (1961); and Arnold v. Abernathy, 134 Colo. 573, 307 P.2d 1106 (1957).
As grounds for reversal of the judgment, defendant urges:
I. That the court erred in imposing upon defendant the burden of proving the fairness of the transactions.
II. The trial court failed to use the correct test for mental capacity of Mrs. Moore and over objection admitted evidence of another test.
III. The evidence fails to establish a case for rescission when measured by the proper burden of proof.
IV. The court did not have jurisdiction.

I.
Defendant first contends that the court erred in imposing upon the defendant the burden of proving the fairness of the transactions. Defendant cites Lesser v. Lesser, *606 128 Colo. 151, 250 P.2d 130 and White v. White, 149 Colo. 166, 368 P.2d 417 as authority for the rule that the ultimate burden of proof in establishing undue influence is upon him who asserts it and that it must be established by clear and convincing evidence. However, our Supreme Court has held that this rule must be construed in conjunction with the other rule that fraud in some situations may be presumed from the relationship of the parties and that upon this allegation the burden as to this issue is placed upon the party seeking to uphold the transaction. Hillard v. Shellabarger, 120 Colo. 441, 210 P.2d 441.
Both the White case and the Lesser case must be distinguished as they involve factual situations far different from the situation here. In the White case, there was no evidence of a fiduciary relationship. In the Lesser case, any presumption arising from the relationship of father and son had been overcome by sufficient evidence to sustain the transaction. In this case, Bohl failed to rebut the presumption.

II.
Defendant's second contention is that the trial court failed to use the correct test for mental capacity of Mrs. Moore and over objection admitted evidence of another test. Defendant contends that the court erroneously admitted evidence upon Mrs. Moore's capacity and ability "to manage, care for, or conserve" her estate. Defendant contends that the proper test is whether Mrs. Moore "had any capacity to understand what she was doing and to determine intelligently whether or not she would do it." In the present case, recission was decreed on the basis of undue influence and not on the basis of lack of mental capacity. On the issue of undue influence, the court properly admitted competent medical testimony that Mrs. Moore lacked the mental capacity to manage, care for, or conserve her estate.

III.
Defendant next contends that the evidence failed to establish a case for rescission when measured by the proper burden of proof. He contends that without the presumption the court's findings would not be supported by the evidence. This contention is without merit. There is clear and convincing evidence in the record that undue influence was in fact exerted and that defendant took advantage of Mrs. Moore's weakened mental condition in procuring the transfers, without consideration, of real and personal property valued in excess of $35,000.

IV.
Finally, Bohl contends that the court did not have jurisdiction because the case was originally filed by the guardians without first obtaining leave of court as required by R.C.P.Colo. 445. It appears from the record that the district court of Baca County, wherein the Estate of Della J. Moore, Ward, was pending, entered an order specifically authorizing the guardians to prosecute this action. After the entry of this order, an amended complaint was filed, defendant answered, and the trial was held. Defendant's claim that the court lacked jurisdiction is without merit.
Judgment affirmed.
ENOCH and DUFFORD, JJ., concur.