**Harold HANKS, Personal Representative of the Estate of Mary Esther Neff, a/k/a Esther Neff, Deceased, Plaintiff-Appellee,**

v.

**James L. GREEN and Edna M. Green, Defendants-Appellants.**

No. 79CA0356.

Colorado Court of Appeals, Division III.

Feb. 21, 1980.

Carlson & Carlson, William Albion Carlson, Greeley, Waldo & Waldo, Ralph E. Waldo, Jr., Robert M. Waldo, Greeley, for plaintiff-appellee.

Mellman, Mellman & Thorn, P. C., Douglas W. Johnson, Denver, for defendants-appellants.

VAN CISE, Judge.

Plaintiff instituted this action to set aside two quitclaim deeds from the decedent, Mary Esther Neff, to defendants, James and Edna Green, and for an accounting. Plaintiff's challenge to the deed was premised on both undue influence and Mrs. Neff's lack of mental capacity to enter into the transaction. At the conclusion of a trial to the court, the court set aside the deeds based on a finding of undue influence and ordered an accounting. The Greens appeal, and we affirm.

 The Greens contend that the trial court erred in denying their motion to dismiss at the close of plaintiff's case. *See* C.R.C.P. 41(b)(1). However, in a trial to the court, where, as here, defendants choose not to stand on their motion, but present their evidence, they may not claim error based on the trial court's refusal to grant the motion. Given these circumstances, we must look at the state of the evidence at the end of the trial. *See Melnick v. Bowman,* 102 Colo. 384, 79 P.2d 368 (1938); *United States v. Doyle,* 468 F.2d 633 (10th Cir. 1972). *See also People v. Becker,* 181 Colo. 384, 509 P.2d 799 (1973).

Defendants contend, however, that even when so viewed, there was no evidence to support the court's finding of undue influence. We do not agree.

Undue influence generally cannot be established by direct evidence but must be shown by the circumstances surrounding the transaction. *See Ofstad v. Sarconi*, 126 Colo. 565, 252 P.2d 94 (1952). Those circumstances are set forth in the court's findings of fact, all of which are supported by the evidence.

From the evidence, the court found that a confidential relationship existed between Mrs. Neff and the Greens. Based on all the circumstances, including Mrs. Neff's prior refusal to execute a power of attorney in favor of Mr. Green some two or three months earlier when she was in a more lucid state, her continuing mental and physical deterioration thereafter to the date of signing of the deeds two days before her death, and the absence of any consideration therefor, the court concluded that the Greens did in fact exercise undue influence upon Mrs. Neff in obtaining conveyance of the property.

On the evidence presented, the trial court could properly find undue influence, and therefore, we affirm the judgment.

PIERCE and BERMAN, JJ., concur.