The **ADAMS COUNTY DEPARTMENT OF SOCIAL SERVICES, State of Colorado, and Board of County Commissioners, Adams County, State of Colorado, a body politic, Plaintiffs-Appellees,**

v.

**Lorna FREDERICK, Defendant-Appellant.**

**No. 79CA0312.**

Colorado Court of Appeals, Div. II.

June 12, 1980.

S. Morris Lubow, County Atty., Kent Schroeder, Asst. County Atty., Commerce City, for plaintiffs-appellees.

Charles Kaiser, Commerce City, for defendant-appellant.

STERNBERG, Judge.

The Adams County Department of Social Services obtained a judgment for $1225 erroneously paid defendant, Lorna Frederick. Frederick appeals, and we affirm.

While the appellant provides no record, the following facts are not disputed: From September 17, 1975, until August of 1977, Frederick received public assistance from the Adams County Department of Social Services under the Aid to Families with Dependent Children Program. On September 17, 1975, she signed an "Assignment of Support Rights," authorizing the Department to receive any support payments which might be forthcoming from Frederick's ex-husband, and which otherwise would be payable to her.

In early 1977, Frederick contacted the Adams County District Attorney's office to secure child support from her ex-husband. The district attorney initiated a non-support action, and obtained a judgment against Frederick's ex-husband who was directed to make support payments through the registry of the court. In September of 1977, he paid $1225 in support arrearages to the registry of the court. The money was thereafter sent to Frederick.

At trial, Frederick testified that upon receipt of the $1225 check she contacted the district attorney's office and was told that she was entitled to the money. The district attorney's office had no record of this contact. In October of 1977, Frederick received a request for return of the money. Because she had already spent the money she could not comply.

At trial Frederick admitted receiving the $1225 but denied liability for repayment, asserting the affirmative defenses of waiver, estoppel, and mistake, based on her alleged contact with the district attorney's office. After hearing testimony, the trial court stated:

"Assuming everything that Miss Frederick testified to is true, I find no justification in her keeping the money and no legal theory, no equitable theory or no other theory that would permit her to keep the funds in this particular case."

We agree with the conclusion of the trial court. We note that Frederick raised the affirmative defenses of estoppel, waiver, and mistake. *See* C.R.C.P. 8(c). Hence, it was her burden, to prove the truth of the proposition she asserted. *Judkins v. Carpenter*, 189 Colo. 95, 537 P.2d 737 (1975).

■ Even if we assume the correctness of Frederick's testimony about the conversation with the district attorney's office, her evidence falls short of proving her affirmative defenses. She offers no evidence that the district attorney was acting as the agent for the Department of Social Services when he was attempting to secure delinquent child support payments. Plaintiffs assert and Frederick does not dispute that the district attorney was proceeding under § 14–10–117(5) and (6), C.R.S. 1973. Frederick has provided no record that would indicate there was any contact between the district attorney and plaintiffs, nor that plaintiffs had instructed her or the district attorney to file the action to collect the delinquent payments. Thus, there would be no basis to hold that in making the alleged statements the person in the district attorney's office was acting as an agent for the Department of Social Services, and thus, those statements, even if made, cannot serve as a basis to estop the Department from collecting the payments it erroneously made.

■ Nor is there merit in Frederick's assertion that § 26–2–128(4), C.R.S. 1973 (1979 Cum.Supp.) relieves her of liability under these facts. That statute provides:

"[I]n any case in which more than the correct amount of payment has been made, there shall be no . . . recovery by the county or state department from any person who is without fault and who has reported to the state department any increase in income or changes in resources or property, if such adjustment or recovery would deprive a person of income required for ordinary and necessary living expenses or would be against equity and good conscience."

This statute would preclude recovery of payments made by the Social Services Department in error; however, here, we are dealing with a payment made by her ex-husband.

Nor is there merit in Frederick's contention that the findings of the trial court are inadequate. We are able to determine the basis of the trial court's decision from its statement as quoted above. *See Mowry v. Jackson*, 140 Colo. 197, 343 P.2d 833 (1959).

The judgment is affirmed.

RULAND and KIRSHBAUM, JJ., concur.