**Vesta Jane EADS, Plaintiff–Appellee,**

v.

**Mildred J. DEARING, Defendant–Appellant.**

No. 92CA2082.

Colorado Court of Appeals,
Div. I.

Dec. 30, 1993.

Rehearing Denied Feb. 10, 1994.

Certiorari Denied June 6, 1994.

Stanley F. Anzick, Littleton, for plaintiff-appellee.

Donald L. Brundage, P.C., Donald L. Brundage, Bridget Klauber, Westminster, for defendant-appellant.

Opinion by Judge ROTHENBERG.

Defendant, Mildred Dearing, appeals from the judgment entered in favor of plaintiff, Vesta Eads. We affirm.

Plaintiff's husband died in April 1980, and at the time of his death, plaintiff was eighty years old, deaf, and had deteriorating eyesight. She also was unable to drive and had to rely on other people for assistance with most tasks.

In the following months and years, defendant, who is one of plaintiff's daughters, became involved in a number of financial transactions involving plaintiff's property. These included an incident in May 1980 when defendant drove the plaintiff to a unidentified woman who prepared a deed transferring property owned by plaintiff (the West Walsh property) to the defendant. Defendant did not pay any consideration for that property.

Among other transactions that allegedly occurred in the following years were defendant's withdrawal of funds from plaintiff's bank accounts, her appropriation of funds paid on a promissory note payable to plaintiff, the purchase of an annuity for defendant with plaintiff's funds, and the transfer of another property (the Moore Street property) to defendant without consideration therefor.

According to plaintiff's evidence, throughout this time, plaintiff believed that the defendant was holding the money and property for the future benefit and use of plaintiff and plaintiff's other daughter, who was handicapped.

In 1989, plaintiff's granddaughter drove her to the bank to make a withdrawal and plaintiff then discovered that defendant had withdrawn almost all of the money from plaintiff's account.

In 1990, plaintiff filed this action against defendant for breach of fiduciary duty, claiming that: (1) defendant withdrew money from plaintiff's savings account, deposited the money into her own bank account, and refused to return the money when plaintiff demanded it; (2) defendant collected the balance of a promissory note owned by plaintiff and refused to give the money to plaintiff when she demanded it; (3) defendant induced plaintiff to execute and deliver a quitclaim deed transferring to defendant plaintiff's one-third interest in the Moore Street property and defendant would not reconvey it to plaintiff when she requested; and (4) defendant induced plaintiff to execute and deliver a warranty deed transferring the West Walsh property to defendant.

A bench trial was held, and at the conclusion of the evidence, the trial court found that defendant had breached a fiduciary duty owed to plaintiff. The court then entered judgment in favor of plaintiff on each of plaintiff's claims except for the claim arising from the Moore Street property.

On plaintiff's claim arising from the sale of the West Walsh property, the court awarded plaintiff $25,000 plus interest from September 11, 1980, the date of the sale. The court also imposed a constructive trust on any remaining proceeds for the properties which were wrongfully diverted. Finally, the court awarded plaintiff exemplary damages in the amount of $5,000.

## I.

■ Defendant first claims the court erred in shifting the burden of proof to her to show

there was no undue influence in the West Walsh property conveyance. We disagree.

The burden of proving a prima facie case for recovery on a civil claim is on the plaintiff. *Western Distributing Co. v. Diodosio*, 841 P.2d 1053 (Colo.1992). Although the burden of proof never shifts, once the plaintiff establishes a prima facie case, the burden of going forward with the evidence shifts to the other side. *Exchange National Bank v. Sparkman*, 191 Colo. 534, 554 P.2d 1090 (1976).

Once a fiduciary relationship and a transfer of property to the fiduciary have been established, a rebuttable presumption is created that requires the defendant to go forward with some evidence to show the transaction was not procured through undue influence. *See Judkins v. Carpenter*, 189 Colo. 95, 537 P.2d 737 (1975); *Lesser v. Lesser*, 128 Colo. 151, 250 P.2d 130 (1952).

At trial, the court stated, "where a fiduciary relationship exists, the burden rests on the fiduciary to show that no advantage was taken." Defendant claims that this impermissibly shifted the burden of proof to her.

We reject defendant's contention. Here, plaintiff established a fiduciary relationship, and thus, defendant was required to go forward with evidence to show no undue influence was used. Hence, the court's statement was a proper statement of the law and did not impermissibly shift the burden of proof.

Also, the court specifically found that "advantage was taken." We interpret this to mean plaintiff met her burden. *See Judkins v. Carpenter, supra.*

## II.

Defendant next claims the trial court erred in awarding plaintiff the proceeds from the sale of the West Walsh property. More specifically, defendant claims plaintiff did not meet her burden of proving that the transfer was procured through undue influence. In the alternative, defendant claims the conveyance was an inter vivos gift. We reject both contentions.

### A. Undue Influence

"The undue influence which is sufficient to set aside a conveyance upon proper and timely application therefor exists where there is a forceful assumption of a dominant influence of the grantor. In order to set aside a conveyance, the undue influence must be such as to overcome the will of the grantor to the extent that he is prevented from voluntary action and is deprived of free agency." *Anderson v. Lindgren*, 113 Colo. 401, 406, 157 P.2d 687, 689 (1945).

Undue influence generally cannot be established by direct evidence but must be shown by the circumstances surrounding the transaction. *Hanks v. Green*, 44 Colo.App. 80, 607 P.2d 1034 (1980).

At trial, plaintiff testified that she transferred the property to defendant, that defendant did not pay anything for the property, and that defendant subsequently sold the property. Defendant testified that: (1) shortly before the death of plaintiff's husband, plaintiff wrote her a letter stating the West Walsh property was to go to defendant at plaintiff's death; (2) despite the letter, defendant took plaintiff to a woman to have the property deeded to defendant shortly after plaintiff's husband's death; (3) she did not pay plaintiff for the property; (4) she sold the property a short time after the transfer for $25,000; and (5) she did not tell plaintiff how much she sold the property for or what she did with the proceeds of the sale.

Based on this testimony, the court could properly determine that the conveyance resulted from the use of undue influence. Accordingly, the court did not err in awarding plaintiff the proceeds from the sale of the property.

### B. Inter Vivos Gift

We also reject defendant's contention that the conveyance was an inter vivos gift.

An inter vivos gift is a gift between living persons. "To effect a valid inter vivos gift there must be a clear and unequivocal intent to make a gift and consummation of such intention by the donor in some way relinquishing control of the gift property to the donee." *Estate of Ramsey v. State*, 42 Colo.

App. 163, 167, 591 P.2d 591, 594–95 (1979). "The surrender of dominion or control includes the parting of possession and relinquishment of all control, both present and future of the property to the extent that it is beyond the power of the donor to recall it." *Falbo v. United States National Bank,* 116 Colo. 508, 514–15, 181 P.2d 1020, 1024 (1947).

■ The issue of donative intent presents a question of fact. The trial court's determination will not be disturbed if there is evidence in the record to support it. *Estate of Ramsey v. State, supra.*

Here, plaintiff testified that she believed defendant would hold the funds obtained from the sale of her properties for the future expenses of plaintiff and plaintiff's other daughter. Thus, there is record support for the trial court's finding that plaintiff did not intend to make a gift of the West Walsh property or to relinquish all control over it, as is required for a valid inter vivos gift.

### III.

■ Next, defendant claims the court erred in awarding plaintiff interest from 1980 on the proceeds from the sale of the West Walsh property. In the alternative, defendant claims that, if the court's award of interest from 1980 was proper, plaintiff's cause of action is barred by the statute of limitations. We disagree with both contentions.

A civil action for breach of trust or fiduciary duty must be filed within three years after the cause of action accrues. Section 13–80–101(1)(f), C.R.S. (1987 Repl.Vol. 6A). A cause of action for breach of trust accrues on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence. Section 13–80–108(6), C.R.S. (1987 Repl.Vol. 6A).

Here, the trial court on supporting evidence, found that plaintiff's cause of action accrued in 1989 when plaintiff went to her bank and discovered that defendant had withdrawn plaintiff's money. Thus, we reject defendant's contention that plaintiff's claim was barred by the statute of limitations. *See Norton v. Leadville Corp.,* 43 Colo.App. 527,

610 P.2d 1348 (1980) (when fraud claim accrues is question for factfinder).

Similarly, we find no error in the court's order awarding plaintiff prejudgment interest from 1980.

The date when a claim accrues for statute of limitations purposes is independent from the date of the wrongful withholding for the purpose of awarding interest. And, although the dates may be the same, they need not be.

In the instant case for example, the defendant's wrongful act of withholding money from the plaintiff began in 1980 when defendant sold plaintiff's West Walsh Street property. Section 5–12–102(1)(a), C.R.S. (1992 Repl.Vol. 2) states:

When money or property has been wrongfully withheld, interest shall be an amount which fully recognizes the gain or benefit realized by the person withholding such money or property *from the date of wrongful withholding* to the date of payment or to the date judgment is entered, whichever first occurs.... (emphasis added)

Thus, the trial court properly found that the wrongful withholding occurred in 1980, even though the plaintiff did not discover the wrongful withholding until 1989. Under these circumstances, the court correctly concluded that an award of interest from 1980 would fully recognize the gain or benefit realized by the defendant.

### IV.

■ Finally, defendant claims that the court erred in awarding plaintiff exemplary damages. Again, we disagree.

Section 13–21–102, C.R.S. (1987 Repl.Vol. 6A) provides that exemplary damages may be awarded if the injury is "attended by circumstances of fraud, malice, or willful and wanton conduct." Willfull and wanton conduct means:

conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff.

Section 13–21–102(1)(b), C.R.S. (1987 Repl. Vol. 6A).

An award of exemplary damages rests in the discretion of the trier of fact. The sufficiency of evidence to support such an award is a question of law. *See Messler v. Phillips,* —— Colo.App. ——, 867 P.2d 128 (Colo.App.1993).

Here, there is ample evidence to support the court's finding that defendant's actions were accompanied by a willful, wanton or reckless disregard for the rights of the plaintiff. Plaintiff testified that she believed defendant was holding her money and that it would be available for her future medical and burial expenses and her other daughter's medical expenses. However, defendant put plaintiff's money into her own account and then used it to buy an annuity in her own name and to make a loan to a third party. In addition, defendant never informed plaintiff about these transactions or told defendant that the money was no longer available to her.

Under these circumstances, the court properly awarded plaintiff exemplary damages.

The judgment is affirmed.

PIERCE and CRISWELL, JJ., concur.