24CA0933 Bennett v Reed 03-06-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA0933
Delta County District Court No. 23CV30007
Honorable Mary E. Deganhart, Judge

Patsy R. Bennett,

Plaintiff-Appellant,

v.

Lori Ann Reed and Robert Reed,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE SULLIVAN
Freyre and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced March 6, 2025

Coleman Quigley & Foster, LLC, Joseph Coleman, Isaiah Quigley, Stuart R. Foster, Grand Junction, Colorado, for Plaintiff-Appellant

Camp & Skarka, LLC, Terry L. Camp, Jordan A. Demo, Delta, Colorado, for Defendants-Appellees

¶ 1     Plaintiff, Patsy R. Bennett, appeals the district court's judgment entered after a bench trial in favor of defendants, Lori Reed and Robert Reed, on Bennett's declaratory judgment claim seeking ownership of thirty-one shares in the Crawford Clipper Ditch Company (the shares).  We affirm.

## I.     Background

¶ 2     Bennett purchased forty-seven acres of land (the property) and the accompanying thirty-one water shares from neighbors.  After farming on the property for several years, Bennett leased the property to her son, Robert, and his then spouse, Lori.[1]  In 2019, Bennett transferred the shares to Robert and Lori so that her son could "deal with" the ditch company and stop its alleged harassment of Bennett.  At Bennett's request, the ditch company issued a new certificate of ownership for the thirty-one shares to "Robert E. & Lori A. Reed."

¶ 3     In 2021, Lori filed for divorce and separated from Robert. While the dissolution proceedings were pending, Bennett requested

---

[1] Because Robert and Lori share the same last name, we refer to them by their first name to avoid confusion.  We mean no disrespect by doing so.

that Lori return the shares.  When Lori refused, Bennett filed a complaint asserting claims for replevin under C.R.C.P. 104 and declaratory judgment under C.R.C.P. 57.  Lori moved for summary judgment on both claims; the district court granted her motion on the replevin claim but denied her motion on the declaratory judgment claim.  The court then held a one-day trial on the remaining declaratory relief claim.

¶ 4     Based on the evidence presented at trial, the district court made findings of fact in a detailed written order and concluded that Bennett's transfer of the shares to Robert and Lori constituted a gift because the "requirements for an inter vivos gift have been met." The court therefore denied Bennett's declaratory judgment claim.

¶ 5     Bennett now appeals.  She contends that the court erred by (1) misapplying the second prong of the legal standard governing inter vivos gifts and (2) not ordering that Robert's half of the shares be returned to Bennett.  We address both contentions in turn.

## II.    Standard of Review

¶ 6     Whether the requirements of a gift have been met are questions of fact, and the district court's determinations, if supported by the record, are binding on review.  *In re Estate of*

*Liebe*, 2023 COA 55, ¶ 5. However, we review the district court's conclusions of law de novo. *Id.* at ¶ 6.

### III. Applicable Law

¶ 7 "To effect a valid inter vivos gift there must be a clear and unequivocal intent to make a gift and consummation of such intention by the donor in some way relinquishing control of the gift property to the donee." *Eads v. Dearing*, 874 P.2d 474, 477 (Colo. App. 1993) (quoting *Est. of Ramsey v. State Dep't of Revenue*, 591 P.2d 591, 594-95 (Colo. App. 1979)). In other words, a completed inter vivos gift requires "(1) [a] clear and unmistakable intention to make the gift; and (2) the consummation of such intention by those acts which the law requires to divest the donor and invest the donee with the right of property." *Hardy v. Carrington*, 288 P. 620, 623 (Colo. 1930); *see also Hedlund v. Watson*, 535 P.2d 257, 258-59 (Colo. App. 1975) (brother's delivery of deed to sister without an express statement of gift still constituted an inter vivos gift when deed was delivered to sister without restriction, sister took immediate and exclusive possession of the property, and brother never interfered). Ordinarily, "[t]ransfers of property between parents and children are presumed to be gifts until the contrary is

clearly and unequivocally shown." *First Nat'l Bank of Fort Collins v. Honstein*, 355 P.2d 535, 536 (Colo. 1960).

## IV. Analysis

¶ 8    Because the record supports the district court's findings, we conclude that the court didn't err by determining that Bennett's transfer of the shares to Robert and Lori constituted a completed inter vivos gift.

## A. Completed Gift

¶ 9    We first address whether the district court erred by misapplying the second requirement for an inter vivos gift. At the outset, Lori disputes whether Bennett preserved this contention. Based on our review of the record, however, Bennett preserved this argument in her closing argument by arguing that the "conduct between the parties" shows that Bennett didn't "relinquish all control over [the shares]." We don't require talismanic language to preserve an issue for appeal. *In re Estate of Owens*, 2017 COA 53, ¶ 21.

¶ 10    In concluding that the transfer of the shares from Bennett to Robert and Lori constituted a gift, the district court made the following factual findings regarding acts that tended to support the

inference that Bennett's transfer constituted a completed inter vivos gift:

- The physical share certificate issued by the ditch company reflected a change from Bennett's name to Robert's and Lori's names after the transfer.

- Bennett handed the share certificate to Lori, who put the certificate in a safe where she kept important papers.

- Robert and Lori started paying the ditch company assessments on the shares after Bennett completed the transfer, paying the assessments for both 2020 and 2021.

- At the time of the transfer, Bennett never explained to Lori any intention to take the shares back at some future date.

¶ 11    Because the court's findings enjoy record support, they are binding on us on review. *See Liebe*, ¶ 5.

¶ 12    Further, Bennett conceded in her letter to Lori requesting the return of the shares that she had transferred them for "zero consideration," but she didn't mention any prior agreement

requiring Lori to return the shares. Rather, she said only that she didn't want the shares to be tied up in probate.

¶ 13     While Bennett presented some evidence to the contrary, the district court found that Bennett's and Robert's testimony regarding the alleged agreement to return the shares wasn't credible. *See Owners Ins. Co. v. Dakota Station II Condo. Ass'n*, 2021 COA 114, ¶ 50 ("It's the trial court's sole province to resolve factual issues, determine witness credibility, weigh evidence, and make reasonable inferences from that evidence.").

¶ 14     We aren't persuaded otherwise by Bennett's argument that Robert and Lori's continued annual lease payment of $3,000 shows that she never relinquished control over the shares. According to Bennett, Lori wouldn't have continued making these lease payments for water shares that she owned. Although the record doesn't appear to contain a written lease, Bennett testified that only one lease agreement existed and that it covered both the land and the water. Robert similarly characterized the lease as a "land and water" lease and said that he and Lori had made lease payments to his mother for at least twelve years. Lori testified that she and Robert had paid Bennett annual lease payments of $3,000 for the

entire time they lived at the property, which she also estimated at twelve years. Two checks admitted into evidence corroborated Lori's testimony, showing two payments made by Lori to Bennett for $3,000 in 2018 and in 2017.

¶ 15    While one possible inference from this evidence — the one urged by Bennett — is that Bennett continued to exercise some control or ownership over the shares, the court wasn't required to draw that inference. *See In re Marriage of Thorburn*, 2022 COA 80, ¶ 49 (inferences and conclusions drawn from the evidence are within the district court's sole discretion). Given that the annual lease payment had remained unchanged for many years, an equally plausible inference is that the parties simply neglected to renegotiate the land-only lease after Bennett transferred the shares. In any event, the district court didn't err by failing to draw the inference now urged by Bennett, particularly in light of the other evidence showing that Bennett transferred the shares to Robert and Lori as a gift. *See id.*

¶ 16    Accordingly, we perceive no error in the district court's finding that Bennett's transfer of the shares constituted a completed inter vivos gift.

## B. Splitting the Shares

¶ 17 Bennett next contends that the district court erred by failing to split the shares in half, with one half going to Lori and one half going to Bennett. We conclude Bennett failed to preserve this contention. Bennett never requested, in the alternative or otherwise, that the court order the return of Robert's half of the shares to Bennett. To preserve an issue for appeal, the appellant must bring the issue to the district court's attention so that the court has the opportunity to rule. *Berra v. Springer & Steinberg, P.C.*, 251 P.3d 567, 570 (Colo. App. 2010); *see also Brown v. Am. Standard Ins. Co. of Wis.*, 2019 COA 11, ¶ 21 ("It is axiomatic that in civil cases, issues not raised in or decided by the trial court generally will not be addressed for the first time on appeal."). Because Bennett failed to do so, we decline to address this contention.

## V. Appellate Attorney Fees

¶ 18 Lori requests an award of her appellate attorney fees and costs under section 13-17-101, C.R.S. 2024, contending that Bennett's appeal is substantially frivolous. We deny Lori's attorney fees request. Although we've ruled against Bennett, her arguments

weren't so lacking in substantial justification as to warrant an award of attorney fees.  *See W. United Realty, Inc. v. Isaacs*, 679 P.2d 1063, 1069 (Colo. 1984) ("A claim or defense is frivolous if the proponent can present *no* rational argument based on the evidence or law in support of that claim or defense.") (emphasis added).

¶ 19    As the prevailing party on appeal, however, Lori is entitled to her costs upon compliance with C.A.R. 39(c)(2).  *See* C.A.R. 39(a)(2).

## VI.    Disposition

¶ 20    We affirm the judgment.

JUDGE FREYRE and JUDGE SCHOCK concur.